UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                    Defendants. | Case No. 24-5809-BJR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, STRIKING MOTION TO QUASH, DISMISSING PETITION FOR WRIT OF MANDAMUS, AND DISMISSING ACTION** |

## I.   INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of Michelle L. Peterson, U.S. Magistrate Judge. Dkt. No. 3. Plaintiff John Demos has filed objections, Dkt. No. 4, as well as a "Supplemental Rebuttal," Dkt. No. 5, and "Protest of and Rebuttal to R&R," Dkt. No. 6. Having reviewed the objections, the remaining record, and the relevant legal authorities, the Court hereby adopts the R&R and dismisses the complaint without prejudice. Additionally, the Court strikes Plaintiff's "Motion to Quash," Dkt. No. 7, and dismisses his petition for writ of mandamus, Dkt. No. 8, both of which Plaintiff filed after the R&R was issued.

## II.   BACKGROUND

ORDER DISMISSING ACTION - 1

As the R&R observes, Plaintiff is a state prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in multiple courts, including this Court, the Eastern District of Washington, Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Plaintiff may submit only three applications to proceed *in forma pauperis* ("IFP") and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

Additionally, under the 1992 Bar Order, this Court will not accept for filing a proposed complaint from Plaintiff unless it "is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *See In re Demos*, MC 91-269-CRD, Dkt. No. 1 at 2-3. Furthermore, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

### III.    DISCUSSION

**A.    Report and Recommendation**

The R&R recommends denying Plaintiff's IFP application, dismissing the complaint in this action, and striking Plaintiff's motion to supplement or amend his complaint because (1) Plaintiff failed to submit with his IFP application a prison trust account statement; (2) Plaintiff's proposed complaint improperly purports to bring criminal charges against

ORDER DISMISSING ACTION - 2

Defendants; and (3) Plaintiff has not satisfied the requirements of either the 1992 Bar Order or § 1915(g).

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." *See* Fed. R. Civ. P. 72(b)(2). From Plaintiff's various filings responding to the R&R, the only discernable specific objection is Plaintiff's contention that the district court has express authority to refer this case to the U.S. attorney for criminal prosecution. Protest and Rebuttal at 4. However, Plaintiff cites no authority in support of this contention. *See id.* Nor has the Court found any authority that contradicts the Magistrate Judge's conclusion on this issue. Accordingly, the objection is overruled.

Plaintiff's remaining arguments are not specific objections. Plaintiff raises various constitutional challenges, including to § 1915(g). *See, e.g.*, Objs. at 3. He also challenges the legality of the Magistrate Judge's authority and procedures. *See, e.g.*, *id.* at 1-2, 5-6; Supp. Rebuttal. However, Plaintiff fails to identify any other specific issues in the R&R requiring correction.

Plaintiff attempts to overcome one of the deficiencies noted in the R&R by filing for the first time with his objections a copy of his prison trust account statement. Protest and Rebuttal at 6. However, even if the Court accepts the prison trust account statement as properly filed, Plaintiff has not properly objected to the Magistrate Judge's conclusion that Plaintiff has failed to satisfy § 1915(g)'s imminent danger requirement. Accordingly, Plaintiff's IFP application is still due to be denied. Further, the Court has independently reviewed the record and agrees with the Magistrate Judge's conclusions.

**B.**     **"Motion to Quash"**

ORDER DISMISSING ACTION - 3

Plaintiff's "Motion to Quash," challenges a disciplinary infraction issued to him by a correctional officer with the Washington State Department of Corrections. *See generally* Mot. to Quash. The infraction was issued in response to an altercation that took place between Plaintiff and the correctional officer during a search of Plaintiff's person. *Id.* at 24. Given that this incident appears to be unrelated to Plaintiff's proposed claim, which concerns court access, the Court strikes Plaintiff's "Motion to Quash."

### C.     Petition for Writ of Mandamus

Plaintiff's petition for writ of mandamus, which is addressed to both this Court and the Ninth Circuit, appears to be seeking relief under 28 U.S.C. § 1651. Pet. at 1. The petition, liberally construed, requests that various district courts be ordered to rescind bar orders entered against Plaintiff in the courts' respective jurisdictions. *See generally id*. Although unclear from Plaintiff's filings, the Court assumes that Plaintiff intended for this Court to address his mandamus petition.[1] In doing so, the Court concludes that the petition is due to be dismissed for two reasons.

First, an Order of this Court provides for the return without filing of any petition by Plaintiff that seeks certain extraordinary writs, including a writ of mandamus pursuant to § 1651, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). Here, Plaintiff did not pay the filing fee.

Second, "[a] district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987). Therefore, this Court lacks authority to rule on the instant petition.

---

[1] To the extent that Plaintiff intended his petition for writ of mandamus to be filed with the Ninth Circuit, it should be noted that "[a] party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk . . . ." Fed. R. App. P. 21(a)(1).

ORDER DISMISSING ACTION - 4

## IV.     CONCLUSION

The Court hereby ORDERS as follows:

(1) The Report and Recommendation is approved and adopted.

(2) Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED.

(3) Plaintiff's motion to supplement or amend his complaint (Dkt. No. 2) is STRICKEN.

(4) Plaintiff's "Motion to Quash" (Dkt. No. 7) is STRICKEN.

(5) Plaintiff's petition for writ of mandamus (Dkt. No. 8) is DISMISSED.

(6) This matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) and standing bar orders, *see In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

(7) The Clerk is directed to close this case and send copies of this Order to Plaintiff and to Magistrate Judge Peterson.

DATED this 10th day of January 2025.

BARBARA J. ROTHSTEIN
United States District Judge

ORDER DISMISSING ACTION - 5